

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

June 7, 1939

GERALD C. MANN
ATTORNEY GENERAL

Hon. J.X. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:

                Opinion No. O-833
                Re: Construction of House Bill No. 557,
                   45th Legislature (Art. 1287-1, Ver-
                   non's Annotated Civil Statutes,)
                   otherwise known as the Agricultural
                   Protective Act, with respect to a
                   proposed suit on behalf of a dealer
                   against another dealer and dealer's
                   surety.

        We are in receipt of your letter of May 17,
1939, in which you request an answer in the form of an
opinion of this department to the following seven (7)
questions, relative to provisions of House Bill No. 557,
45th Legislature, (Art. 1287-1, Vernon's Annotated Civil
Statutes,) commonly known as the Agricultural Protective
Act.

        "It is generally conceded that the pro-
visions of this Act are applicable to transac-
tions between producers of growers and persons
handling agricultural products either by a con-
tract of purchase or on a consignment basis.
Whether the provisions of this law reach to pro-
tect transactions between commission merchants,
dealers, brokers and consignors with other such
consignor, commission merchants, dealers or
brokers is the first question we would like your
opinion on.

        "Second: Section five (5) of the Agricul-
tural Protective Act makes provisions for a suit
by the Commissioner of Agriculture in behalf of
producer creditors or producer consignors on the
bond of a dealer who has defaulted on his con-

tract and violated other stated provisions of the Act. In this connection, it is my understanding that the import of the Act was to provide a means by which, in order to avoid multiplicity of suits, aggrieved grower creditors might, through the Commissioner of Agriculture, institute suit to recover on the dealer's bond. Is this the right assumption?

"Third: Do you construe the Act as a whole to apply only to grower dealer transactions?

"Fourth: Under section five (5) of the Act, is the Commissioner of Agriculture required to institute suit in behalf of an isolated grower creditor?

"Fifth: Is the Commissioner of Agriculture required under the Act to institute suit in behalf of an isolated dealer creditor against another dealer?

"Sixth: Do you consider that the Act places the responsibility on the Commissioner to bring suit in behalf of a group of producer and/or dealer creditors upon the statutory dealer's bond and/or could an individual grower, if he desired, bring suit in his own name without joining the Commissioner of Agriculture upon the statutory dealer's bond?

"Seventh: If you answer in the affirmative that a consignor, a commission merchant, a dealer or broker has the authority under the Act to bring suit against the statutory bond of another dealer for violating the Act in the sale of agricultural products, would in your opinion, a box manufacturing company or material man selling to a dealer boxes or other packing and handling materials, or a lessor of a building used by the dealer have the authority under the Act to bring suit for collection of such account against the statutory dealer's bond?"

We first quote in full section five (5) of arti-

ele 1267-1, supra, underscoring the most important portions thereof:

"Before any license is issued to any commission merchant, dealer, or broker, such commission merchant, dealer or broker shall execute and deliver to the Commissioner a surety bond in the sum of Five Thousand Dollars ($5,000), executed by the applicant as principal and by a surety company qualified and authorized to do business in this State as surety. Said bond shall be conditioned upon compliance with the provisions of this Act and upon the faithful and honest handling of farm products in accordance with the terms of this Act. Said bond shall be to the State in favor of every consignor or producer of farm products. Any consignor or producer of farm products claiming to be injured by the fraud, deceit, or wilful negligence of any commission merchant, dealer or broker, may bring action upon said bond against both principal and surety in any court of competent jurisdiction to recover the damages caused by such fraud, deceit, or wilful negligence, or the failure to comply with the provisions of this Act. Any case of failure by a commission merchant, dealer or broker to pay consignor, or producer creditors for farm products received from said consignor, or producer, to be sold, the Commissioner shall proceed forthwith to ascertain the names and addresses of all consignor, or producer creditors of such commission merchant, dealer or broker, together with the amounts due and owing to them and each of them by such commission merchant, dealer, or broker and shall request all such producer, or consignor creditors to file a verified statement of their respective claims with the Commissioner. Thereupon the Commissioner shall bring an action on the bond in behalf of such producer, or consignor creditors. Upon any action being commenced on said bond, the Commissioner may require the filing of a new bond and immediately upon the recovery in any action upon such bond such commission merchant, dealer, or broker shall file a new bond and upon failure to file the same within ten (10) days in either case,

such failure shall constitute grounds for the suspension or revocation of his license."

The above section is aimed at the protection of "any consignor or producer of farm products" and again "consignor, or producer creditors". It gives them recourse upon the bonds of commission merchants, dealers, or brokers, who had injured them or failed to pay them for farm products.

The first question propounded is whether or not the phrases "any consignor or producer of farm products" and "consignor or producer creditors", as used in section five (5) and throughout the entire Act, include not only producers and growers dealing with commission merchants, dealers, and brokers but also commission merchants, dealers and brokers dealing with other such commission merchants, dealers and brokers.

In other words, when commission merchants, dealers, and brokers enter into transactions with their own kind and are injured by the fraud, deceit and wilful negligence of the latter or do not receive any pay for farm products sold to the latter, are the former entitled to the same relief provided in the Act for producers and growers of farm products, who are injured in their dealings with commission merchants, dealers and brokers?

Section five (5) refers to "any consignor or producer of farm products" and to "consignor, or producer creditors" as having redress against commission merchants, dealers or brokers of the bonds of the latter.

Section 2 (b) defines the term "producer" as follows:

"Any person engaged in the business of growing or producing any farm product."

Commission merchants, dealers or brokers are obviously not included in the terms "producers of farm products" or "producer creditors".

Section 2 (d) defines the term "consignor" in this manner:

"Any person who delivers to any commission merchant, dealer, or broker or the agent of any commission merchant, dealer, or broker any farm products for handling, sale, or resale."

Since the term "consigner" includes any "person", we look to the Act's definition of the term "person" which section 2 (a) gives as follows:

"Any individual, firm, partnership, corporation or association of persons."

The term "person", being as broad as it is, it is apparent that the Legislature intended that the term "consigner" includes any individual, firm, partnership, corporation or association of persons "who delivers to any commission merchant, dealer or broker or the agent of any commission merchant, dealer or broker any farm products for handling, sale or resale".

Your first question considered in the light of the above definitions is subject to two interpretations. You ask whether the provisions of article 1287-1 apply to "transactions between commission merchants, dealers, brokers and consignors with other such consignor, commission merchants, dealers or brokers." We can conceive of two different situations. In the first place, the first dealer might own the agricultural products outright, having either bought and paid for them or having raised them. In this instance title is in the first dealer when he enters into a transaction with the second commission merchant or dealer.

Secondly, the first dealer might have taken the goods from the original producer or grower on consignment and entered into a transaction with the second dealer which is in the nature of a re-consignment, title in this case remaining in the original grower or producer and the two dealers handling the product on "joint account".

In the situation where title is in the first dealer through purchase or through original ownership, said "person" whether commission merchant, dealer or broker is plainly either a "consignor or producer of farm products" and is protected under article 1287-1 on the bond of the commission merchant, dealer or broker to whom the farm products were consigned if the latter injured the first dealer or failed to pay him. The first dealer occupies a status in no wise different from that of an individual farmer who consigns his products to a

dealer, since a consignor is an individual, firm, partnership, corporation or association of persons.

There is the second case where the first dealer does not have title to the products. He takes them on consignment from the grower or producer, in whom title remains and transfers them to a second dealer.

It must be kept in mind that the purpose of article 1287-1 is to afford protection to "any consignor or producer of farm products." The first dealer-consignee who enters into a transaction with a second dealer-consignee to dispose of the products on a joint account does not acquire the right to proceed against the bond of the second consignee. That right is vested by the statute in the original producer or consignor in whom title to the products remain throughout the transaction. We cannot extend the protection of the article to a dealer-consignee who re-consigns.

Consequently, in answer to your question No. One, it is our opinion that in transaction between commission merchants, dealers, and brokers with other such commission merchants, dealers or brokers, the protection of the article is afforded the former where they are consignors and producers with title to the property, but is denied where they are only the first of two consignees with title and the right to proceed against the bond remaining in the original consignor or producer-owner.

Section five (5) of Article 1287-1, among other provisions, contain the following:

" * * * Any case of failure by a commission merchant, dealer or broker to pay consignor, or producer creditors for farm products received from said consignor, or producer, to be sold, the Commissioner shall proceed forthwith to ascertain the names and addresses of all consignor, or producer creditors of such commission merchant, dealer or broker, together with the amounts due and owing to them and each of them by such commission merchant, dealer or broker and shall request all such producer, or consignor creditors to file a verified state-



ment of their respective claims with the Com-
missioner. * * * "

The obvious purposes of this provision are:

First, that the Commissioner of Agriculture
intercede and come to the aid of a group of in-
jured consignors or producers of farm products,
which, collectively, under his protection, would
stand a better chance of obtaining redress than
by individual action;

Second, that a multiplicity of suits and the
delay and confusion of numerous separate actions
would be avoided.

In answering your second question, we are of
the opinion that your assumption in respect to the above
quoted provision of section five (5) is correct and that
it provides for a suit by the Commissioner on the part
of a group or class of injured consignor or producer cred-
itors, against the offending commission merchant, dealer
or broker.

Your third question is --

"Do you construe the Act as a whole to apply
only to grower - dealer transactions"?

In our answer to your first question, we indi-
cated that it was our opinion that the provisions of the
Act would cover transactions in which commission merchants,
dealers, and brokers, who had acquired title through pur-
chase or production of the agricultural product, dealt
with other commission merchants, dealers and brokers. We,
therefore, answer your third question in the negative.

Section five (5) of article 1287-1 contains,
among others, the following provision:

"Any consignor or producer of farm prod-
ucts claiming to be injured by the fraud, de-
ceit, or wilful negligence of any commission
merchant, dealer, or broker, may bring action
upon said bond against both principal and sure-

ty in any court of competent jurisdiction to
recover the damages caused by such fraud, deceit,
or wilful negligence, or the failure to comply
with the provisions of this Act."

It will be noted that in the case of a single
consignor or producer, bringing action upon the bond of
any commission merchant, dealer or broker, the Act does
not require or authorize the Commissioner of Agriculture
either to institute suit on behalf of the isolated con-
signor or producer or to join with the latter in the suit.
Since in the very next two sentences, the Act requires
that "the Commissioner shall bring an action on the bond
in behalf of" a group of injured consignor or producer
creditors, the implication is that the Legislature did not
intend to saddle upon the Commissioner of Agriculture the
duty, responsibility and harassment of institution of suits
in individual cases under section five (5) of the Act.

It is our opinion that a contrary construction
of section five (5) would violate legislative intent and
subject the Commissioner of Agriculture to constant liti-
gation in behalf of private "persons" as defined by the
Act.

We hold, therefore, in answer to your fourth
question that under section five (5) of article 1287-1 the
Commissioner is not required to institute suit in behalf
of an isolated grower - creditor on the bond of a commis-
sion merchant, broker or dealer.

The answer to question No. Four is determina-
tive of question No. Five. It is our opinion that sec-
tion five (5) of article 1287-1 does not require the
Commissioner of Agriculture to institute suit in behalf
of an isolated dealer - creditor against another dealer
on the latter's bond. Referring to the answers to ques-
tions One and Four, dealer - creditor here must mean a
dealer who had title to the products and consigned them to
another dealer as original consignor or producer.

A provision of section five (5) reads as fol-
lows:

" . . . the Commissioner shall bring an
action on the bond in behalf of such producer,
or consignor creditors."

According to section 1 of article 1287-1, subdivision 9:

"As used in this Act the word 'shall' is mandatory and the word 'may' is permissive."

Since the word "shall" is mandatory, construing the above quoted sentence from section five (5), we hold that it is definitely the responsibility of the Commissioner of Agriculture to bring a suit in behalf of either a group of producer, or dealer-consignor-producer creditors, or both upon the statutory dealer's bond. This answers the first part of question No. Six.

In answering your previous question we have indicated that it is our opinion that where there is an isolated grower - creditor he must proceed in a suit in his own name upon the statutory dealer's bond without the joinder of the Commissioner of Agriculture on the authority of the following provision of section five (5):

"Any consignor or producer of farm products claiming to be injured by the fraud, deceit, or wilful negligence of any commission merchant, dealer, or broker, may bring action upon said bond against both principal and surety in any court of competent jurisdiction to recover the damages caused by such fraud, deceit or wilful negligence, or the failure to comply with the provisions of this Act."

This disposes of the second part of question No. Six.

We are of the opinion that your final question is answerable in the negative, since the remedy of section five (5) of the Act is limited definitely to "any consignor or producer of farm products" and "producer or consignor creditors", and the definition of these terms cannot be extended to include a box manufacturing company or material men selling boxes or other packing and handling material, or a lessor of a building.

These latter companies and individuals do not fall within the protected class and must not look to the

Hon. J.E. McDonald, Commissioner, June 7, 1939, Page 10

Agricultural Protective Act for relief.

Trusting the above fully answers the inquiries submitted, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____ Diek Stout
Diek Stout
Assistant

DS:emb

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN